UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELAINE MARIE COOKE,

    Plaintiff,

v.                               Case No.:  2:25-cv-22-SPC-NPM

USAA GENERAL INDEMNITY
COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant USAA General Indemnity Company's Notice of Removal (Doc. 1) and Supplement (Doc. 14).  For the below reasons, the Court remands.

Defendant invoked diversity jurisdiction to remove this action.  Because the complaint seeks only the state-court jurisdictional amount, Defendant was tasked with proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(B).  For this reason, Defendant cited Plaintiff's presuit settlement demand of $100,000 in its notice of removal.  Defendant failed to provide the demand, however, so the Court ordered Defendant to supplement its notice with evidence.  (Doc. 12).

Defendant's supplement does not establish this Court's jurisdiction. Defendant has provided Plaintiff's presuit settlement demand, as well as a

couple of related documents. But "[t]ypically, presuit demand letters alone are not enough to establish amount in controversy." *Gagnon v. Petsmart, Inc.*, No. 220CV676FTM38MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Afterall, "settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Id*. This one is no different.

The demand letter details Plaintiff's injuries and past medical treatment. (Doc. 14-9 at 1-11). It then provides several tables calculating her documented damages: medical bills to date (totaling $13,236.48), her out of pocket expenses ($913.51), and her lost wages ($3,372.20), for a grand total of $17,522.19.[1] (*Id*. at 11-12). Next, the letter vaguely references future pain and suffering. (*Id*. at 12-13). Finally, it demands the full $100,000 policy limit. (*Id*. at 13). The letter does nothing to bridge the gap between the $17,000 in documented damages and the $100,000 demand. The difference between these figures is simply puffery.

Defendant also states that a couple months later Plaintiff faxed updated records and medical bills and stated that she was recommended to undergo surgery. (Doc 14 at 6). But the fax Defendant has provided the Court provides no helpful information. It only says:

> Please see attached updated records and billing for our client Mrs. Elaine Cooke to supplement the UM Demand that we submitted for the above reference claim. Please

---

[1] The demand letter lists "$3,3372.20" in lost wages. The Court, like Defendant, construes this typo to represent $3,372.20 in lost wages.

2

> note that Mrs. Cooke has been recommended to undergo a C4-6 ACDF. We have requested a cost estimate for this procedure and will forward a copy upon receipt of the same.

(Doc. 14-11). Defendant did not provide the "attached updated records and billing" to the Court. And, while the fax states Plaintiff has been recommended to undergo surgery, it explicitly states that Plaintiff has yet to receive a cost estimate for that surgery (and it does not state whether Plaintiff will in fact undergo surgery).

A month later, Plaintiff emailed a second demand. This demand is even less helpful than the first. (Doc. 14-12). Its simply an email, with no supporting documentation, that states Plaintiff has reduced her demand to $85,000. It too is accompanied by no supporting documentation.

Defendant has provided no evidence of damages north of the roughly $17,000 detailed in the first demand letter. The remainder of that demand, and the subsequent fax and email, provide no supporting documentation to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. With no other evidence of the amount in controversy, Defendant has not met its burden of proof. The Court must remand. *See, e.g.*, *Guerrero v. Sisco*, No. 2:23-CV-1201-SPC-KCD, 2024 WL 493464, at *1 (M.D. Fla. Jan. 8, 2024) (remanding when the amount in controversy was based only on a demand letter detailing $40,000 in medical bills and speculation about future medical procedures and costs).

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit, in and for Charlotte County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Charlotte County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadline, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 30, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4